(C. D. 1845)

B. F. GOODRICH COMPANY *v.* UNITED STATES

United States Customs Court, First Division

(Decided February 19, 1957)

*Knox & Matthews* (*William H. Matthews* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Joseph E. Weil*, trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: The merchandise the subject of these protests is described on the invoices as "½" Auto Weather Stripping." It

consists of sponge rubber in cylindrical form, ½ inch in diameter, imported in 1,500-foot lengths. It was assessed with duty at the rate of 15 per centum ad valorem under the provision in paragraph 1537 (b) of the Tariff Act of 1930, as amended, for—

* * * insulating materials, wholly or partly manufactured, composed wholly or in chief value of rubber * * *.

The protest claim is for duty at the rate of 12½ per centum ad valorem under the provision in paragraph 369 (c) of the same act, as amended, for parts, finished or unfinished, not specially provided for, of automobiles.

There is no question but that, as imported, the merchandise was partly manufactured or unfinished; that is to say, it was not ready for use in the condition as imported. The record shows that, after importation, the sponge rubber material was encased, by machine, in a braided lace material, having an attaching strip or tab at the side, after which it was ready for use in the manufacture of automobiles as follows: In an auto body plant, it was cut into the required length to fit the particular car door to which it was to be applied. It was then tacked or stapled or otherwise fastened around the perimeter of the door so that, when the door was closed against it, wind, dust, and rain would be kept out, and vibration of the door would be absorbed. Its ultimate use, therefore, is for insulating purposes.

Upon the foregoing record, it cannot be denied that the merchandise, as imported, consisted of a partly manufactured insulating material, composed wholly of rubber. It is, therefore, classifiable under the provision quoted above in paragraph 1537 (b) and is dutiable thereunder, unless it be more specifically provided for elsewhere in the tariff act. Plaintiff contends that it is also an unfinished part, not specially provided for, of automobiles, and classifiable under paragraph 369 (c), *supra*. If the plaintiff is correct in its contention, the issue is one of relative specificity between the two competing paragraphs, viz, that for insulating materials and that for parts of automobiles.

Defendant denies that the merchandise had, at the time of importation, reached the state of being a part, even unfinished, of automobiles, and, in this connection, points out that the merchandise was imported in "unpredetermined lengths," to wit, 1,500-foot rolls, as an indication that it was mere material, as distinguished from articles dedicated to be used as parts of automobiles.

Defendant cites the well-known *Harding Co.* cases, reported in 21 C. C. P. A. (Customs) 307, T. D. 46830, and 23 C. C. P. A. (Customs) 250, T. D. 48109, relating to brake-lining material imported in running lengths, which, inasmuch as it had not been dedicated, in its imported condition, to the making of any particular brake lining, was

held not to be unfinished parts of automobiles but material from which such parts might be made.

We think that the principle of the *Harding Co.* cases is applicable to the situation in the case at bar and is dispositive of the issue. We think also that, even if the imported merchandise were actually unfinished parts of automobiles and classifiable under paragraph 369 (c), the doctrine of relative specificity would require classification for duty purposes under paragraph 1537 (b). The latter provision (for insulating materials) is a designation by use and, in the absence of contrary legislative intent, would control over the more general provision for unfinished parts of automobiles. Further, even if the two provisions were considered to be of equal specificity, the provision for parts of automobiles is qualified by a "not specially provided for" clause, while the provision for insulating materials is not so qualified.

The protest claim is, therefore, overruled, and judgment will issue accordingly.